UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LYDIA LUTAAYA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BOEING EMPLOYEES' CREDIT UNION,<br><br>　　　　　Defendant. | Case No. C18-388RSL<br><br>ORDER GRANTING<br>MOTION TO DISMISS |

This matter comes before the Court on defendant's motion to dismiss. Dkt. # 2. This case appears to stem from an unfortunate series of events surrounding the foreclosure of plaintiff's Renton, WA home. Her complaint, Dkt. # 1, alleges that she had a mortgage with defendant Boeing Employees' Credit Union ("BECU"), and that BECU foreclosed on her home in December 2013. She alleges a litany of misconduct by BECU, including fraudulently changing details in her mortgage file, improperly using her likeness in advertising, and untruthfully reporting misconduct to the Renton Police Department. Though her causes of action are not entirely clear, she appears to bring claims for breach of contract, breach of the covenant of good faith and fair dealing, violation of state consumer-protection laws, and invasion of privacy. BECU filed this motion to dismiss, asserting that plaintiff fails to adequately invoke the Court's subject-matter jurisdiction, that the claims are barred by res judicata, and that plaintiff fails to state a claim upon which relief can be granted.

The Court concludes that plaintiff's complaint does not sufficiently invoke the Court's subject-matter jurisdiction. The party seeking a federal venue has the burden of establishing that

ORDER GRANTING MOTION TO DISMISS - 1

the Court has subject-matter jurisdiction to hear the case. <u>In re DRAM Antitrust Litig.</u>, 546 F.3d 981, 984 (9th Cir. 2008). Plaintiff asserts the Court has jurisdiction because the case involves a federal question. Dkt. # 1 at 20; <u>see</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "Under the longstanding well-pleaded complaint rule . . . a suit 'arises under' federal law only when the plaintiff's statement of [her] own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (marks and citation omitted). Plaintiff catalogues a series of allegedly wrongful acts, but none of the legal causes she asserts is a claim that invokes federal law. Breach of contract, breach of the covenant of good faith and fair dealing, state consumer protections, and the tort of invasion of privacy are all causes arising under state law. The Court accordingly finds that plaintiff's complaint fails to adequately invoke the Court's subject-matter jurisdiction.[1] <u>See</u> <u>id.</u>

For the foregoing reasons, defendant's motion, Dkt. # 2, is GRANTED. The Clerk of Court is hereby ORDERED to dismiss the case without prejudice.

DATED this 7th day of September, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Given this conclusion, the Court need not reach the other asserted grounds for dismissal.

ORDER GRANTING MOTION TO DISMISS - 2